**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Julia K. Venditti (State Bar No. 332688)
Ines Diaz Villafana (State Bar No. 354099)
Celina D. Reynes (State Bar No. 336845)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
          jvenditti@bursor.com
          idiaz@bursor.com
          creynes@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE VARGAS, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>      v.<br><br>THREDUP INC.,<br><br>                              Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Melanie Vargas ("Plaintiff") brings this action on behalf of herself and all others similarly situated against ThredUp Inc. ("Defendant" or "ThredUp"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      Plaintiff brings this putative class action complaint on behalf of herself and all other similarly situated individuals who were unlawfully charged a "junk fee" when they made online purchases at Defendant's website, www.thredup.com (the "Website") or mobile application (collectively, the "Platform").

2.      Defendant ThredUp Inc. ("ThredUp" or "Defendant") is one of the world's largest online consignment and thrift stores.[1]  Consumers use the Platform to buy second-hand clothing, shoes, and accessories.

3.      Defendant individually advertises the price of each item for sale on its Platform. However, Defendant's advertised prices fail to include a mandatory fee ultimately charged at checkout.  This type of "drip pricing"—illegal in California for years—has recently become the subject of a proposed national ban on junk fees.

4.      As detailed herein, Defendant adds mandatory fees on items purchased through its Platform, by charging a combined "Shipping & Handling" fee with each transaction.  Defendant adds this additional fee to the advertised prices of the products it sells through the Platform. Although shipping fees are exempt from California's Honest Pricing Law, handling fees are not exempt.[2] This means that although Defendant's "Shipping & Handling" fee includes both shipping and handling fees, Defendant is only allowed to exclude the shipping portion of that fee from the initially advertised price, but not the handling portion of that fee. Thus, this action focuses on

---

[1] ThredUp, *An Online Consignment & Thrift Store*, https://www.thredup.com/?srsltid=AfmBOorF6Vqc6MDf6FWBm6SUcL5xydS68YAerkPtWnIOYHol1B-prj9c (last visited Nov. 20, 2025).

[2] Cal. Dept of Justice, *Hidden Fees FAQ,* https://oag.ca.gov/hiddenfees (last visited October 22, 2025).

Defendant charging the hidden handling fee (the "Handling Fee")[3].

5.     Defendant waits until consumers have gone through the laborious process of selecting various clothing items before disclosing the Fee, which is revealed only upon initiating the checkout process.

6.     Defendant adds the mandatory Handling Fee to the final purchase price of all products sold on its Platform.  In all cases, the Handling Fee is not disclosed in the initially advertised prices, misrepresenting to consumers the total price of the products they intend to purchase.  As a result, consumers are blindsided by the additional Handling Fee, requiring them to reevaluate or forgo their purchase plans, or to begrudgingly expand their budgets.

7.     In or around April 2025, Plaintiff Vargas made a purchase on Defendant's Website. Defendant advertised the price of this item as $85.99, exclusive of tax, shipping, and further discounts Plaintiff received.  However, when Plaintiff Vargas went into her shopping cart, a "Shipping & Handling" fee of $10.99 was added to the total cost of the item, a portion of which was the Handling Fee.  This Handling Fee was not included in the original price of the item advertised on Defendant's Website.

8.     At all relevant times, Defendant knew, or should have known, that the prices it advertises on its Platform do not represent the total price charged to consumers.

9.     Advertising products at a price that does not include all mandatory fees, with the exception of taxes imposed by the government, and shipping costs incurred in shipping a product to a consumer, violates California's consumer protection laws, including the Consumers Legal Remedies Act pursuant to Cal. Civ. Code § 1770(a)(29)(A) (the "Honest Pricing Law"), among other statutes.

10.     As a result of Defendant's failure to take appropriate or remedial action with respect to the Classes, and affirmative misrepresentations of material fact, Defendant has caused Plaintiff and members of the Classes to (1) bear mandatory expenses and costs they otherwise should not

---

[3] At this stage of the litigation, Plaintiff is unable to determine the exact amount out of the Shipping & Handling fee that is apportioned to "handling" items purchased versus "shipping" items purchased.

have had to bear, (2) be misled as to the actual price of the product, and (3) be subjected to "bait and switch" pricing.  Plaintiff seeks to enjoin Defendant's unlawful and unfair practices and seek restitution for members of the Classes for the losses they have incurred.  Plaintiff also seeks attorneys' fees, costs, and expenses.

11.    For the foregoing reasons, Plaintiff brings this action individually and on behalf of all others similarly situated based on Defendant's unlawful failure to display the Handling Fee with the initially advertised purchase prices, seeking damages, restitution, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs, for violation of: (1) California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*; (2) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (3) California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and (4) Unjust Enrichment.

## **PARTIES**

12.    Plaintiff Vargas is a California citizen residing in San Francisco, California.  In or around April 2025, Plaintiff made a purchase on Defendant's Website while located in San Francisco, California.  The advertised price of the item she purchased was $85.99, exclusive of tax, shipping, and further discounts Plaintiff received.  When browsing and selecting which item to buy, Plaintiff relied on Defendant's advertised prices to decide whether to purchase that item or not.  However, once Plaintiff went to her shopping cart, a "Shipping & Handling" fee of $10.99 was added to her transaction, a portion of which included the Handling Fee.  This Handling Fee was not included in the original price of the items advertised on Defendant's Website.  Thus, ultimately, Plaintiff paid for the item she had selected, but also had to pay the mandatory Handling Fee at checkout—despite the fact that Defendant waited until the last moment to reveal that mandatory Handling Fee, in violation of the CLRA's Honest Pricing Law and other California consumer protection statutes.

13.    Defendant ThredUp Inc. ("ThredUp" or "Defendant") is an online consignment and thrift store headquartered in Oakland, California.  At all times relevant to the allegations herein, Defendant has advertised, marketed, made available for sale, and/or distributed products to consumers in California and throughout the United States.  Defendant has sold its products in, and

has transacted in and throughout, California and the United States at all times during the Class Period.  In addition, at all relevant times herein, Defendant has owned, operated, and controlled the Platform, where it, *inter alia*, markets and sells second-hand clothes and accessories.

14.     Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, and/or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this case is a class action where there are more than 100 members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least some members of the proposed Classes are a citizens of a state different from Defendant.

16.     This Court has general personal jurisdiction over Defendant.  Defendant is headquartered in this state, which means Defendant has continuous and systematic ties to the state, making Defendant "at home" in California.

17.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because Defendant is headquartered in this District and a substantial part of the events giving rise to the claims occurred in this District given that Plaintiff Vargas was located in this District when she purchased an item from the Website and paid the unlawful Handling Fee at issue.

## FACTUAL ALLEGATIONS

A.     **Background On California's Honest Pricing Law**

18.     On July 1, 2024, the California Legislature amended the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, making it illegal "for most businesses to advertise or list a price for a good or service that does not include all required fees or charges."[4]

19.     This amendment to the CLRA was made to rein in "drip pricing" by "bring[ing]

---

[4] State of California Department of Justice, *SB 478 Hidden Fees*, https://oag.ca.gov/hiddenfees.

price transparency to all sectors of the state's economy."  California Bill Analysis, S.B. 478 Assem., 7/11/2023.  Drip pricing "is a pricing technique in which firms advertise only part of a product's price and reveal other charges later as the customer goes through the buying process.[5]

20.    In particular, the amendment was a response to the issue of when "a seller uses an artificially low headline price to attract a customer and usually either discloses additional required fees in smaller print, or reveals additional charges later in the buying process."[6]  The authors of the amendment emphasized that "[h]iding required fees is nothing more than a deceptive way of hiding the true price of a good or service.  Transparency and full disclosure in pricing are crucial for fair competition and consumer protection."[7]

21.    Further, the California Legislature has recognized that drip pricing on online websites, like Defendant's Platform here, is particularly harmful to consumers because "[w]hen merchants include hidden or 'junk fees' in the purchase price of goods and services after putting out a much lower advertised price (the bait), consumers are often misled and kept from properly assessing the best prices, thereby hindering the market, especially online."  California Bill Analysis, S.B. 1524 Sen., 6/25/2024.  This defeats a consumer's ability to engage in price comparison as the consumer does not get an accurate picture of the prices being compared.  As such, a consumer cannot make a truly informed purchasing decision.

22.    Thus, California's Honest Pricing Law benefits consumers by enabling them to conduct "direct, apples-to-apples price comparison" between different vendors so that they may make "informed purchasing decisions based on their preferences and budgets."[8]  It also ensures businesses engage in fair competition by competing based on the "price and value offered, rather than on their ability to deceive consumers into paying junk fees."[9]

23.    Relying on the drip pricing practice, websites like Defendant's Platform can

---

[5] *See* Federal Trade Commission, *The Economics of Drip Pricing* (May 21, 2012), *available at* https://www.ftc.gov/news-events/events/2012/05/economics-drip-pricing.

[6] State of California Department of Justice, *SB 478 Hidden Fees*, *supra.*

[7] *Id.*

[8] State of California Department of Justice, *SB 478 Hidden Fees*, *supra.*

[9] *Id.*

effectively squeeze every last penny from a consumer's wallet. This is because "a shopper may have put so much time into the shopping process that by the time additional fees or charges are disclosed they have already made up their minds to make a purchase."[10]

24.    Indeed, "[c]ompanies may utilize a price dipping approach in order to entice a customer into starting the purchase process, at which point the customer may not want to restart his or her search, once they find out the added costs."[11]

25.    Defendant's checkout process does exactly that. Defendant's checkout process allows it to slip the additional mandatory Handling Fee into the final costs to be paid, presenting the Handling Fee for the first time once a consumer goes into their shopping cart.

**B.    Defendant's Platform Charges A Hidden Mandatory "Junk Fee"**

26.    Defendant shows each item's purchase price upfront when it first appears on the Platform. *See* Figures 1 and 2 (red boxes added for emphasis).[12]



*Figure 1*

---

[10] Investopedia, *Drip Pricing: What It Means, How It Works* (Jan. 24, 2023), https://www.investopedia.com/terms/d/drip-pricing.asp.

[11] *Id.*

[12] The transaction flow process that Plaintiff viewed on Defendant's Website was substantially similar as that depicted in this Complaint. It is substantially similar to the transaction flow on Defendant's mobile application.



***Figure 2***

27.    Although Defendant lists the cost of each item shown to consumers shopping on its Platform, it fails to disclose the mandatory Handling Fee until the consumer reaches the checkout process.  *See* Figure 3 (red box added for emphasis).



***Figure 3***

28.    However, by the time Defendant discloses this Handling Fee, consumers have already spent their time carefully reviewing and selecting the clothing items they wish to purchase.

In doing so, users rely on Defendant's previously advertised prices. Thus, Defendant's omission of the mandatory Handling Fee until the very end of the process is an unfair practice designed to string consumers along with the false impression of lower prices and prevent consumers from being able to make an accurate comparison between Defendant's prices and its competitors' prices.

29.    Moreover, Defendant's failure to disclose its mandatory Handling Fee on its Platform until a customer reaches their cart directly violates the CLRA pursuant to Cal. Civ. Code § 1770(a)(29)(A) (the "Honest Pricing Law"), which prohibits Defendant from "[a]dvertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges other than" government-imposed taxes or fees and *bona fide* postage or [stand-alone] shipping charges. Cal. Civ. Code § 1770(a)(29)(A). Defendant's Handling Fee is neither a government-imposed fee nor a stand-alone fee for postage and shipping. As such, Defendant is obligated to disclose this Handling Fee along with the initial advertised price. It is not enough for Defendant to do so once consumers reach their checkout carts. But that is exactly what Defendant does. At no point prior to the end of the checkout process does Defendant disclose the mandatory Handling Fee. Instead, it nickels-and-dimes its consumers one hidden fee at a time. Thus, Defendant's dishonest drip pricing scheme is a direct violation of the CLRA's Honest Pricing Law.

**C.    Plaintiff's Experience**

30.    In or around April 2025, Plaintiff visited the Website to purchase a clothing item while located in San Francisco, California.

31.    Plaintiff picked out an item, which was advertised for $85.99 on its Website, exclusive of tax, shipping, and further discounts Plaintiff received. When browsing and selecting which item of clothing to buy, Plaintiff relied on Defendant's advertised prices to decide whether to purchase that item or not. Plaintiff added the item to her cart.

32.    However, once Plaintiff clicked into her shopping cart, a "Shipping & Handling" fee of $10.99 was added to the total cost of the item, a portion of which was the Handling Fee.

33.    This Handling Fee was not included in the original purchase price advertised on Defendant's Website.

34.    Thus, ultimately, Plaintiff paid for the item she had selected, but also had to pay the

mandatory Handling Fee at checkout—despite the fact that Defendant waited until the last moment to reveal that mandatory Handling Fee, in violation of the CLRA's Honest Pricing Law and other California consumer protection statutes.

35.     As such, Plaintiff was deceived into thinking that her purchase would cost only the sum of the advertised price for the item she had selected to buy (plus any government-imposed taxes, to be determined at a fixed rate, shipping charges, and additional discounts she received).

36.     Plaintiff's experience is not an isolated incident.  Defendant uniformly fails to include the Handling Fee in the prices it advertises on its Platform prior to the checkout page. Thus, the facts giving rise to Plaintiff's claims are materially the same as the Classes she seeks to represent.  In all cases, these hidden fees make it difficult for consumers to compare prices offered by different websites and consistently result in consumers spending considerably more than they would otherwise.

<u>**CLASS ALLEGATIONS**</u>

37.     **Class Definition:** Plaintiff brings this action on behalf of Plaintiff and all others similarly situated, as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3).  The proposed classes Plaintiff seeks to represent is defined as follows:

(a)     ***Nationwide Class.***  Plaintiff seeks to represent a class of similarly situated individuals, defined as all persons in the United States who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, purchased any one or more items from the ThredUp Platform and paid Defendant's mandatory Handling Fee that was not advertised with the initial advertised price of the item (the "Nationwide Class").

(b)     ***California Subclass.*** Plaintiff seeks to represent a class of similarly situated individuals, defined as all persons in California who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, purchased any one or more items from the ThredUp Platform and paid Defendant's mandatory Handling Fee that was not advertised with the initial advertised price of the item (the "California Subclass") (the Nationwide Class and California Subclass collectively referred to as the "Classes").

38.     Specifically excluded from the Classes are: (1) Defendant and its officers, directors,

employees, principals, affiliated entities, controlling entities, and other affiliates; (2) the agents, affiliates, legal representatives, heirs, attorneys at law, attorneys in fact, or assignees of such persons or entities described herein; and (3) the Judge(s) assigned to this case and any members of their immediate families.

39.    Plaintiff reserves the right to amend the definition of the Nationwide Class and California Subclass if discovery or further investigation reveals that the Classes should be expanded or otherwise modified.

40.    **Numerosity.**  Members of the Classes are so numerous that their individual joinder herein is impracticable.  On information and belief, the Classes comprise at least tens of thousands of consumers throughout California and the United States.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.  Further, the size and relatively modest value of the Class Members' individual claims renders joinder impractical.  Accordingly, the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

41.    **Commonality and Predominance.**  There are well-defined common questions of fact and law that exist as to all members of the Classes and that predominate over any questions affecting only individual members of the Classes.  These common legal and factual questions, which do not vary between members of the Classes, and which may be determined without reference to the individual circumstances of any Class Member, including, but not limited to, the following:

(a)    Whether the Handling Fee charged is uniform across all purchases;

(b)    Whether the Handling Fee charged is a mandatory fee;

(c)    Whether the Handling Fee charged is a government-imposed or shipping fee;

(d)    Whether Defendant's conduct is unlawful under California's consumer protection statutes; and

(e)    Whether Plaintiff and the Members of the Nationwide Class and California

Subclass are entitled to actual damages for the aforementioned violations.

42.    **Typicality.**  Plaintiff's claims are typical of the claims of the Classes because Plaintiff, like the Members of the Classes, purchased items from Defendant's Platform and were later forced to pay an additional, mandatory Handling Fee at checkout that was not included in, or disclosed with, the initial advertised price nor imposed by the government or necessary for shipping goods.

43.    **Adequate Representation.**  Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent.  Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff's counsel intends to prosecute this action vigorously.  The interest of the Members of the Classes will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

44.    **Superiority.**  The class action mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Members of the Classes.  Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

45.    Additionally, class certification of the Nationwide Class and California Subclass is appropriate under Fed. R. Civ. Proc. 23(b)(2) because Defendant has acted on or refused to act on grounds generally applicable to the Classes, making appropriate declaratory, injunctive, and equitable relief with respect to the Plaintiff and the Classes as a whole.

46.    Without a class action, Defendant will continue a course of action that will result in

1    further injury to Plaintiff and members of the Classes, and will likely retain the benefits of its

2    wrongdoing.

3        47.    Based on the foregoing allegations, Plaintiff's claims for relief include those set

4    forth below.

## COUNT I
### Violation of California's Consumers Legal Remedies Act ("CLRA"),
### Cal. Civ. Code §§ 1750, *et seq.*
### (On Behalf Of The Nationwide Class And The California Subclass)

8        48.    Plaintiff hereby re-alleges and incorporates by reference every allegation set forth in

9    the preceding paragraphs as if fully set forth herein.

10       49.    Plaintiff brings this claim individually and on behalf of the members of the

11   proposed Nationwide Class and California Subclass against Defendant.

12       50.    Cal. Civ. Code § 1770(a)(29)(A) prohibits "[a]dvertising, displaying, or offering a

13   price for a good or service that does not include all mandatory fees or charges other than either of

14   the following: (i) [t]axes or fees imposed by a government on the transaction [or] (ii) [p]ostage or

15   carrier charges that will be reasonably or actually incurred to ship the physical good to the

16   consumer."

17       51.    As alleged, Defendant advertises and displays the price for purchasing its items

18   without disclosing the mandatory Handling Fee until checkout.

19       52.    The Handling Fee charged is mandatory because a consumer is not able to purchase

20   the item without paying that Handling Fee.

21       53.    The handling portion of the Handling Fee charged is neither a government-imposed

22   fee nor a fee for shipping a physical good.  The legislature carved out an exception for

23   "reasonable" shipping fees, but not handling fees.  "A business can exclude shipping charges, but

24   not handling charges.  In the words of the statute, a business can exclude from its advertised price

25   '[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical

26   good to the consumer.'  Like any other mandatory fee or charge, a handling charge must be

included in the advertised price."[13]

54.     Accordingly, Defendant cannot evade liability by packaging its Handling Fee under the guise of a combined "Shipping & Handling" charge in an effort to invoke the shipping exception. The legislature anticipated this tactic when enacting the statute.

55.     By committing the acts and practices alleged herein, Defendant has violated the CLRA's Honest Pricing Law pursuant to Cal. Civ. Code § 1770(a)(29)(A).

56.     Plaintiff and Class Members were injured by Defendant's drip-pricing scheme because they reasonably relied on Defendant's advertised price for the items they purchased. Further, Plaintiff and Class Members were not reasonably made aware that they were required to pay a Handling Fee at the first instance when Defendant advertised the purchase prices, but instead, this information was only provided to consumers by Defendant at the end of the purchase process. As a result, Plaintiff and the Classes paid prices for the items they purchased that did not conform with the initial advertised purchase price and thus suffered an injury under this statute. As such, Plaintiff and the Classes spent money on goods or services that they would not have paid for, or would have paid for on different terms (*i.e.*, would have paid less for), had they known the true costs of the items they purchased from the beginning of and throughout the process of viewing and selecting such items from Defendant's store.

57.     On or around October 22, 2025, a CLRA notice letter was sent to Defendant that complied in all respects with California Civil Code § 1782(a). The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA with respect to the hidden Handling Fee and its Platform's unlawful drip pricing, and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. The letter, which was delivered to and received by Defendant on October 24, 2025, stated that it was sent on behalf of all similarly situated individuals. Defendant failed to remedy the issues raised in the notice letter. Accordingly, Plaintiff seeks damages from Defendant for Defendant's violations of the CLRA.

---

[13] Cal. Dept of Justice, *Hidden Fees FAQ,* https://oag.ca.gov/hiddenfees (last visited October 22, 2025).

58.     Further, injunctive relief is appropriate, and indeed necessary, to require Defendant to provide full and accurate disclosures regarding the price of the items offered for sale on its Platform, in compliance with the CLRA's Honest Pricing Law, so that Plaintiff and Class members can reasonably rely on Defendant's representations as well as those of Defendant's competitors who may then have an incentive to follow Defendant's deceptive practices, further misleading consumers.

59.     Accordingly, pursuant to Civ. Code § 1780, Plaintiff and the Class and Subclass seek: (a) actual damages in an amount to be determined at trial; (b) an order enjoining Defendant from continuing its violative practice; (c) restitution of all money and property lost by Plaintiff and the Classes as a result of Defendant's unlawful conduct; (d) punitive damages; (e) any other relief that the Court deems proper; and (f) Plaintiff's and the Classes' attorneys' costs and fees.

### COUNT II
**Violation of California's Unfair Competition Law ("UCL"),**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.***
**(On Behalf Of The Nationwide Class And The California Subclass)**

60.     Plaintiff hereby re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as if fully set forth herein.

61.     Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class and California Subclass against Defendant.

62.     California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice."  By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210 by engaging in unlawful, unfair, and fraudulent conduct.

63.     Defendant violated the UCL's proscription against engaging in **Unlawful Business Practices** by violating the CLRA, Cal. Civ. Code § 1770(a)(29)(A).

64.     As discussed more fully above, Defendant violated the CLRA by failing to disclose its mandatory Handling Fee when it initially advertised the purchase price for its products via its Platform.

65.     Plaintiff and the Classes reserve the right to allege other violations of law, which

1    constitute other unlawful business acts or practices.

2        66.    Defendant also violated the UCL's prohibition against engaging in **Unfair Business**

3    **Practices**.  Defendant's acts, omissions, and non-disclosures as alleged herein constituted "unfair"

4    business acts and practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, as the

5    conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical,

6    oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits

7    attributable to such conduct.

8        67.    For example, Defendant's pricing scheme is dishonest and harms consumers by

9    preventing them from making meaningful comparisons between Defendant's prices and

10   Defendant's competitors' prices given that Defendant is not transparent about the full cost of its

11   items.  Defendant's practice is likewise deceitful because it causes users to expect to pay a certain,

12   lower price for a purchase, only to later find a higher price is owed at the very last step of the

13   purchase process.

14       68.    There were reasonably available alternatives to further Defendant's legitimate

15   business interest such as disclosing the Handling Fee charged along with the initial advertised

16   prices of the products.  There are no legitimate business purposes served by Defendant's hidden

17   Handling Fee.

18       69.    Plaintiff and the Classes could not have reasonably avoided the injury suffered by

19   each of them.

20       70.    The gravity of the consequences of Defendant's conduct outweighs any

21   justification, motive, or reason therefore, particularly considering the available legal alternatives to

22   its pricing and advertising practices.  Such conduct is immoral, unethical, unscrupulous, offends

23   established public policy, or is substantially injurious to Plaintiff and the other members of the

24   Classes.

25       71.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the Classes seek an order

26   requiring Defendant to (a) provide restitution to Plaintiff and the Classes; (b) disgorge all revenues

27   obtained as a result of the violations of the UCL; (c) cease engaging in the violative practices by

28   way of an injunction; and (d) pay Plaintiff's attorneys costs and fees.

**COUNT III**
**Violation of California's False Advertising Law ("FAL"),**
**Cal. Bus. & Prof. Code §§ 17500, *et seq.***
**(On Behalf Of The Nationwide Class And The California Subclass)**

72.     Plaintiff hereby re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as if fully set forth herein.

73.     Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class and California Subclass against Defendant.

74.     California Business and Professions Code §§ 17500, *et seq.*, also known as the California False Advertising Law (the "FAL"), makes it "unlawful for any person, … corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property … or anything of any nature whatsoever … to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the Internet, any statement concerning that … personal property … or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable case should be known, to be untrue or misleading …."  Cal. Bus. & Prof. Code § 17500.

75.     As alleged herein, Defendant disseminated, or caused to be disseminated, deceptive advertising of the cost of items on its Platform.  Such advertising, including but not limited to, product advertising and marketing, failed to include all mandatory fees in the advertised price of products in its stores, when in fact additional fees—specifically, the Handling Fee—would be incurred when a consumer purchased the items.

76.     Defendant continues to disseminate or cause to be disseminated such deceptive prices as alleged herein.

77.     The false and deceptive statements regarding the true cost of items on Defendant's Platform are likely to deceive the consuming public.

78.     While disseminating or causing to be disseminated the false and deceptive

statements regarding the costs of its items, Defendant knew or should have known that the statements were false or misleading.

79.     As a direct and proximate result of Defendant's false and misleading advertising, Plaintiff and members of the Classes have been injured.  Plaintiff and members of the Classes would not have purchased the items from Defendant at all (*i.e.*, because they would have purchased the products from a different retailer that rivaled the actual prices that Plaintiff and Class Members were charged), or would not have purchased the products on the same terms (*i.e.*, would have paid less for them), had they known the true costs of the items they bought from the beginning of and throughout the process of viewing and selecting such items from Defendant's Platform.

80.     Defendant's false and misleading advertising as alleged above presents a continuing threat to Plaintiff and other members of the public because Defendant continues to disseminate and advertise false and misleading product totals and will not cease doing so unless and until Defendant is enjoined or restrained by this Court.

81.     Pursuant to California Business & Professions Code § 17535, Plaintiff seeks an order enjoining Defendant from continuing to engage, use, or employ any act prohibited by Business and Professions Code §§ 17500, *et seq.*

82.     Plaintiff's success in this action will enforce important rights affecting the public interest.  Plaintiff herein takes upon herself enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action.  Attorney's fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

### COUNT IV
### Unjust Enrichment
### (On Behalf Of The Nationwide Class And California Subclass)

83.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

84.     Plaintiff brings this claim individually and on behalf of the members of the

proposed Class and the California Subclass against Defendant.

85.    Plaintiff and the Class and California Subclass conferred a benefit on Defendant in the form of paying the handling portion of the Handling Fee to Defendant when purchasing Defendant's products at a price premium.

86.    Defendant voluntarily accepted and retained this benefit.

87.    Because this benefit was obtained unlawfully, namely by withholding the full price of the goods until the final moments of purchase, it would be unjust and inequitable for Defendant to retain it without paying the value thereof.

88.    Plaintiff and Class and California Subclass members do not have an adequate remedy at law and plead their claim for unjust enrichment in the alternative to their legal claims. Legal remedies available to Plaintiff and Class and California Subclass members are inadequate because they are not equally prompt and certain and in other ways efficient as equitable relief. Damages are not equally certain as restitution because the standard that governs restitution is different than the pleading standards that govern damages.  Hence, the Court may award restitution even if it determines that Plaintiff fails to sufficiently adduce evidence to support an award of damages.  Damages and restitution are not the same amount.  Equitable relief, including restitution, entitles Plaintiff to recover all profits from the wrongdoing, which may exceed the available damages at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant as follows:

(a)    For an order certifying the Classes and naming Plaintiff as representative of the Classes, and Plaintiff's Counsel as Class Counsel;

(b)    For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c)    For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d)    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(e)    For prejudgment interest on all amounts awarded;

(f)    For an order of restitution and all other forms of equitable and monetary relief;

(g)    For injunctive relief as pleaded or as the Court may deem proper;

(h)    For an order awarding Plaintiff and the Classes their reasonable attorney's fees, expenses, and costs of suit.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated:  February 26, 2026

**BURSOR & FISHER, P.A**.

By: ___/s/ *L. Timothy Fisher*_____
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Julia K. Venditti (State Bar No. 332688)
Ines Diaz Villafana (State Bar No. 354099)
Celina D. Reynes (State Bar No. 336845)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
        jvenditti@bursor.com
        idiaz@bursor.com
        creynes@bursor.com

*Attorneys for Plaintiff*

1

**CLRA VENUE DECLARATION**

2

I, L. Timothy Fisher, declare as follows:

3

1.      I am an attorney at law licensed to practice in the State of California and a member

4

of the bar of this Court.  I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff.

5

Plaintiff Melanie Vargas alleges that she resides in San Francisco, California.  I have personal

6

knowledge of the facts set forth in this declaration and as called as a witness, I could and would

7

completely testify thereto under oath.

8

2.      The Complaint filed in this action is filed in the proper place for trial under Civil

9

Code Section 1780(d) because Defendant's headquarters are in this District and a substantial part

10

of the events giving rise to Plaintiff's claims occurred in this District, given that Plaintiff Vargas

11

was located in this District when she purchased items from the Website.

12

I declare under penalty of perjury under the laws of the State of California and the United

13

States that the foregoing is true and correct, and that this declaration was executed at Walnut

14

Creek, California, this 26th day of February 2026.

15

16

                    */s/ L. Timothy Fisher*
                    L. Timothy Fisher

17

18

19

20

21

22

23

24

25

26

27

28